**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES HOWE and MATTHEW HOWE, individuals, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 07-CV-355-TCK ) ) |
| GENE CARTER, an individual; and NATIONWIDE MUTUAL INSURANCE COMPANY, a foreign corporation, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Before the Court is the unopposed Motion for Summary Judgment of Defendant Nationwide Mutual Insurance Company ("Nationwide") (Doc. 39).

**I.     Factual Background**

The automobile accident that is the subject of this case occurred on February 13, 2004 at approximately 7:40 pm in Tulsa, Oklahoma. At that time, Defendant Gene Carter was driving a 1998 Red Chevy Tahoe ("Tahoe"), and his wife, Lavon Carter, was the only passenger in his vehicle. Defendant Carter collided with a 1991 white Mazda ("Mazda") driven by Plaintiff Matthew Howe. Plaintiff James Howe was the only passenger in the Mazda. Plaintiffs are both Arkansas residents and reside in Arkansas with their parents, Gary and Sylvia Howe. Defendant Gene Carter is an Oklahoma resident.

At the time of the accident, Defendant Carter's Tahoe was insured under an insurance policy issued by Prudential Financial/Prudential Property and Casualty Insurance Company, policy number 557A781807. The Mazda was insured under a Nationwide Auto Policy numbered 6303C615020,

1

which was held by Plaintiff Matthew Howe and his father. Plaintiffs' parents, Gary and Sylvia Howe, were also the policyholders of a Nationwide Auto Policy numbered 6303C124133 ("Parents' Policy"), which was in effect at the time of the accident and provided coverage for three family vehicles. The Parents' Policy provided for underinsured motorist coverage of $25,000 per person and medical expense coverage of $5,000 per person. Both Nationwide policies were issued in Arkansas, and the insured vehicles were principally garaged in Arkansas. After the accident, Plaintiffs Matthew and James Howe each received $5,000 pursuant to the Personal Injury Protection Coverage for medical expenses provided under the Parents' Policy. Nationwide also tendered $25,000 to each of the Plaintiffs pursuant to the underinsured motorist coverage of the Parents' Policy.

## II.    Procedural Background

Plaintiffs brought suit on June 22, 2007, alleging claims of negligence and negligent infliction of emotional distress against Defendant Carter and a claim of breach of contract against Nationwide. With regard to the breach of contact claim, Plaintiffs alleged that Nationwide "breached its contract of insurance and has wholly refused or neglected to pay Plaintiffs the value of their damages." (Compl. ¶ 28.)

On May 20, 2008, Plaintiffs' counsel, Daniel E. Smolen and Donald E. Smolen, II, moved to withdraw as counsel for Plaintiff Matthew Howe but stated that they would continue to represent Plaintiff James Howe. (*See* Doc. 35.) The Court granted this motion, effective upon the entry of substitute counsel or a statement from Plaintiff Matthew Howe that he intended to proceed pro se. (*See* Doc. 36 at 1.) Thereafter, Halie Newton entered an appearance on behalf of both Plaintiffs (*see* Doc. 41), and Daniel E. Smolen and Donald E. Smolen moved to withdraw as counsel for Plaintiff James Howe. (*See* Doc. 42.)

In a Report and Recommendation of September 2, 2008, Magistrate Judge Frank H. McCarthy recommended that, based on Halie Newton's failure to apply for admission pro hac vice pursuant to Northern District Local Rule 83.2(g), her failure to appear at a hearing on August 4, 2008, and her failure to appear on August 29, 2008 to show cause why action should not be taken against her, the Court should strike her entry of appearance. (*See* Doc. 63.) Magistrate McCarthy also recommended that Plaintiffs be ordered to enter a pro se appearance or cause other counsel to enter an appearance for them. On September 24, 2008, the Court affirmed the Magistrate's Report and Recommendation. (*See* Doc. 77.) The Court noted that after the Report and Recommendation was issued, Plaintiffs filed pro se entries of appearance but did so in contravention of the CM/ECF Administrative Guide of Policies and Procedures. The Court therefore ordered Plaintiffs to (1) re-file their entries of appearance in hard copy with the Court by September 30, 2008; or (2) cause other counsel to enter an appearance on their behalf by September 30, 2008. The Court warned that "[f]ailure to do so will result in immediate dismissal of this matter without prejudice." (*Id.* 2.) Finally, because Plaintiffs had failed to timely respond to Nationwide's Motion for Summary Judgment, the Court ordered Plaintiffs to file such a response within eleven days.

Plaintiff Matthew Howe filed an entry of appearance in hard copy on September 24, 2008 (*see* Doc. 78), but Plaintiff James Howe failed to file an entry of appearance or cause other counsel to enter an appearance on his behalf. Accordingly, pursuant to the Court's September 24, 2008 Order, the Court dismissed Plaintiff James Howe's claims. (*See* Doc. 79 at 1.) Moreover, Plaintiff Matthew Howe failed to file a response to Nationwide's Motion for Summary Judgment, making said motion unopposed.

3

**III.     Standard Governing Unopposed Dispositive Motions**

Even when a dispositive motion is unopposed, the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 213 F.3d at 1195. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* However, summary judgment should only be granted if those facts entitle the moving party to judgment as a matter of law. *See id.*

**IV.     Nationwide's Motion for Summary Judgment**

Nationwide has moved for summary judgment as to the breach of contract claim asserted by Plaintiffs, arguing that Nationwide has met its obligations to Plaintiffs under the applicable policies. In support of this motion, Nationwide makes the following arguments: (1) Arkansas law should be applied in this case; (2) Plaintiffs are not entitled to additional benefits for medical expense coverage; and (3) Nationwide has tendered the maximum possible amount of underinsured motorist coverage. The Court has reviewed Nationwide's arguments and finds that its Motion for Summary Judgment is properly supported pursuant to Rule 56.

Oklahoma has adopted the following choice-of-law rule in motor vehicle insurance cases:

> The validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made, unless those provisions are contrary to the public policy of Oklahoma, or unless the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties.

*Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla. 1991). In the instant case, the insurance contracts between Nationwide and Plaintiffs' family were made in Arkansas. Matthew, Gary, and Sylvia Howe were all Arkansas residents at the time the insurance policies were issued to them, and the policies concerned vehicles that were principally garaged in Arkansas. *See id.* at 796 (citing Restatement (Second) Conflict of Laws § 193 comment) ("The Comment to § 193 advises that the location of the risk will be given greater weight than any other single contact in determining the state of applicable law. The location of the insured risk, in the case of automobile insurance, is the place where the automobile will be garaged most of the insured period."). Oklahoma's only connections to this action are that the accident giving rise to this suit occurred in Oklahoma and that Defendant Carter is an Oklahoma resident. The Court finds these facts insufficient to find that Oklahoma "has the most significant relationship with the subject matter and the parties," given that the insurance contracts were made in Arkansas and the vehicles insured by these policies were principally garaged in Arkansas.

According to Nationwide, Plaintiffs contend that because three different vehicles are listed on the Declarations of the Parents' Policy, then each Plaintiff should be entitled to recover $5,000 of medical expense coverage under each vehicle, for a total of $15,000 per Plaintiff. The Parents' Policy contains a provision expressly prohibiting the stacking of medical benefits, however. Specifically, the policy states as follows:

> Insuring more than one person or vehicle under this policy does not increase the limit of our liability for injury to one person in one accident. The amount payable under this coverage to or for one person in one accident is shown on the policy Declarations. Limits apply to each insured vehicle as stated thereon. However, the most we will pay for injury to a pedestrian (other than the policyholder or a relative) is the limit shown on the Declarations or $5,000, whichever is less.

(*See* Ex. H to Def.'s Mot. for Summ. J.)

Moreover, Arkansas courts have enforced anti-stacking clauses regarding medical expense coverage. *See Travelers Ins. Co. v. Estes*, 670 S.W.2d 451 (Ark. 1984) (upholding anti-stacking clause with regard to medical expenses in insurance policy). Further, the Oklahoma Supreme Court has held that "[t]here exist no statutory or other public-policy requirements which would provide a basis for either invalidating or modifying the medical payment provisions of the insurance policy here in contest," when that policy prohibited precluded the stacking of medical payment coverage. *Frank v. Allstate Ins. Co.*, 727 P.2d 577, 580 (Okla. 1986). Therefore, the anti-stacking provision in the Parents' Policy is not "contrary to the public policy of Oklahoma," so as to render Arkansas law inapplicable as to this point. *See Bohannan*, 820 P.2d at 797 (setting forth the choice-of-law rule in motor vehicle insurance cases).

The Court also finds that Nationwide has met its obligations to Plaintiff in tendering $25,000 to each Plaintiff pursuant to the underinsured motorist coverage. According to Nationwide, Plaintiffs argue that multiple underinsured limits of $25,000 are available to them and further contend that the $25,000 per person underinsured motorist limit should be stacked because three vehicles were insured under the Parents' Policy. Again, the Parents' Policy includes a provision precluding stacking of underinsured motorist loss. (*See* Ex. H to Def.'s Mot. for Summ. J. (stating "[t]he insuring of more than one person or vehicle under this coverage does not increase our payment limits" within the "Amounts Payable for Uninsured or Underinsured Motorist Losses").) Such a provision is valid under Arkansas law. *See Owen v. Continental Ins. Co.*, No. CA 05-386, 2005 WL 3307300, at *3 (Ark. Ct. App. Dec. 7, 2005). For these reasons, the Court grants Nationwide's Motion for Summary Judgment.

**V.     Conclusion**

The Motion for Summary Judgment of Defendant Nationwide Mutual Insurance Company (Doc. 39) is GRANTED, and a separate judgement will be entered forthwith.  Further, given that Plaintiff Matthew Howe has failed to meet previous filing deadlines,[1] failure of Plaintiff to comply with any future orders or deadlines of this Court will result in dismissal of his remaining claims against Defendant Gene Carter.

**ORDERED this 10th day of November, 2008.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[1] As previously stated, Plaintiff Matthew Howe failed to file a response to Nationwide's Motion for Summary Judgment.  Further, as set forth in the Court's Scheduling Order of April 1, 2008 (*see* Doc. 29), the parties were directed to file pre-trial disclosures by September 2, 2008; jury instructions, voir dire, and trial briefs by September 19, 2008; and a Pre-Trial Order by September 29, 2008.  Plaintiff Matthew Howe failed to meet any of these deadlines.